ANA MARÍA SUGAR CO., INC., Plaintiff and Appellee, v. AUTOMOBILE INSURANCE COMPANY, Defendant and Appellant.

No. 4931. Argued November 25, 1930.—Decided November 20, 1931.

Dubón & Ochoteco for appellant.  J. Alemañy Sosa for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

A number of buildings with their appurtenances, machinery, and other property, known as the Central Ana María, were insured against direct loss or damage by windstorm, cyclone, and tornado to the amount of $150,000 in two different companies.  Each company assumed one-half the risk. Defendant herein appeals from an adverse judgment for an amount representing one-half the value of a chimney alleged to have been blown down by a strong wind.  The policy contains a clause which reads in part as follows: "Loss or damage to chimneys, flues, hoods, ventilators, gutters, spouts, piping and damage to or by boards, shingles, bricks, corrugated iron sheets, slates or tiles which may be loose and defectively or imperfectly attached, glass in doors, windows and skylights, is not covered by this insurance, except in the case of Hurricanes, Cyclones, Tornadoes or Windstorms officially recorded by the United States Weather Bureau or the responsible Government official in Porto Rico."

The district court construed this clause as referring only to property located in the immediate vicinity of a weather bureau station or to cases wherein the disturbance would have been necessarily recorded by such station.  To construe it otherwise, in the opinion of the district judge, would be to sanction a contract whereby the insured is required to pay a premium and the insurance company is relieved of all responsibility by the loss or damage to the property insured.

It seems to us that the language is not open to the interpretation placed upon it.  The clause deals specifically

with certain classes of property without any reference whatover to location. The kinds enumerated are either peculiarly susceptible to loss or damage by wind, or else, very likely to cause damage when carried by a wind. The obvious purpose of the clause was to place certain limitations upon a risk which the company was unwilling to assume without such reservation, not to exempt the company from all liability.

As to the chimneys in question, the company assumed the risk of all loss or damage due to any windstorm, cyclone, or tornado officially recorded by the Weather Bureau. It expressly stipulated that it would not be liable for the loss of such chimneys or damage done to the same if due to any tornado, cyclone, or windstorm not so recorded. To give effect to this stipulation is simply to hold that the parties are bound by their contract, not to sanction a contract whereby the insured is required to pay a premium and the company is relieved of all responsibility. To disregard the stipulation, or to construe it away, would be to make a new contract for the parties, not to enforce any liability assumed by the company.

That the windstorm in question was not officially recorded by the United States Weather Bureau nor by any responsible Government official in Puerto Rico is an uncontroverted fact.

The judgment appealed from must be reversed and the action dismissed.